IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Robert Neal Adams, ) | |
| ) | C.A. No. 4:09-2085-HMH-TER |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| Michael J. Astrue, Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1]  Robert Neal Adams ("Adams") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act.  In his Report and Recommendation, Magistrate Judge Rogers recommends affirming the Commissioner's decision.  Adams filed objections to the Report and Recommendation on December 15, 2010.  For the reasons explained below, the court affirms the Commissioner's decision.

---

[1] The magistrate judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1).

1

## I. Factual and Procedural Background

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. at 9-36), and summarized as follows. At the time of the ALJ hearing on January 29, 2008, Adams was a forty-five-year-old man with an eleventh grade education and past relevant work experience as a factory production assistant, industrial cleaner, custodian, and nursing aid. (Id. at 34, 43, 56.) Adams alleges that he is disabled because of a sprained lower back; sleep apnea; high blood pressure; congestive heart failure; arthritis in his leg, lower back, and hands; and obesity. (Id. at 203.)

Adams filed applications for DIB and SSI on January 21, 2005. Both applications were denied initially and upon reconsideration. Following a January 29, 2008 hearing, the ALJ issued a decision on April 15, 2008, finding that Adams was not disabled. The Appeals Council denied Adams' request for review. Adams filed the instant action on August 7, 2009.

## II. Report and Recommendation

The sole issue presented to the magistrate judge was whether the ALJ's decision to discount the medical opinion of a one-time examining physician was supported by substantial evidence. (Report & Recommendation at 1, 6.) Magistrate Judge Rogers concluded that it was and recommended affirming the Commissioner's decision. (Id., generally.)

## III. Discussion of the Law

### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). Accordingly, the court "must uphold the

2

factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations and quotation marks omitted). Hence, absent any error of law, if the Commissioner's findings are supported by substantial evidence, the court should uphold the Commissioner's findings even if the court disagrees. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

### B. Objections

Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Adams contends that the ALJ's finding that he is not disabled is not supported by substantial evidence because the ALJ inappropriately disregarded Dr. Dell Sweatt's ("Dr. Sweatt") medical opinion that Adams could not remain on his feet for an extended period of time and that he needed to sit with his legs elevated. (Objections at 1.)

Dr. Sweatt conducted a physical consultative examination of Adams on April 28, 2005. (R. at 19.) As part of his findings, he concluded that Adams "had 3+ pitting edema of both legs from the feet to just above the calves." (Id. at 20.) Summarizing Dr. Sweatt's assessment of

Adams, the ALJ noted:

> He concluded diabetes was fully controlled with history of medical noncompliance. Hypertension was controlled. He found venous stasis disease. He was morbidly obese and diabetic. All of these could be contributing symptoms. He should not be on his feet for very long because of this and should have a job that allowed him to sit and keep his legs elevated.

(Id.) During the hearing before the ALJ, Adams testified that he spent twelve to fourteen waking hours with his feet elevated. (Id. at 45.) Adams contends that if the ALJ had properly considered Dr. Sweatt's opinion and Adams' testimony regarding his restrictions, there would be no occupations Adams could perform. (Objections at 3-5.)

A review of the record reveals that the ALJ did consider Dr. Sweatt's opinion that Adams' impairments required him to elevate his legs throughout the day. The ALJ, however, rejected Dr. Sweatt's opinion after weighing all of the evidence and finding that Adams could perform light work and could sit, stand, or walk for six hours a day. (R. at 28.) In reaching his conclusion, the ALJ reasoned:

> I do not accept Dr. Patel's finding that claimant is limited to jobs with minimal standing and walking, as there is no objective evidence in his findings to suggest limitations affecting the lower extremities. For the same reason, I do not accept Dr. Sweat's conclusion that claimant could not be on his feet for very long and that he needs to sit and keep his legs elevated. Dr. Sweatt based his finding in part of claimant's history on congestive heart failure, but he correctly admitted that there was no current evidence of congestive heart failure.

(Id. at 29.) The ALJ also noted that Dr. Sweatt's opinion that Adams must remain seated with his legs elevated was inconsistent with the recommendations of Adams' treating physicians who repeatedly encouraged Adams to engage in exercise such as walking. (Id. at 34.) Further, the

4

ALJ discounted Adams' own testimony that his impairments required him to elevate his legs for twelve to fourteen hours a day. (Id.) The ALJ stated that Adams' daily activities included cooking, driving, attending school, cleaning, and going to the store, and that these activities were "incompatible with that of a person who needs to elevate their [sic] legs for practically all of their waking hours." (Id.)

Adams contends that several of his treating physicians noted the presence of edema, and therefore, it was improper for the ALJ to disregard Dr. Sweatt's opinion concerning Adams' restrictions. (Objections at 5.) As the ALJ noted, however, none of Adams' treating physicians opined that Adams must keep his legs elevated throughout the day. Instead, they encouraged him to regularly exercise. It is the province of the Commissioner to resolve evidentiary conflicts in the record, Shivey v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984), and a reviewing court must not re-weigh the evidence. Craig, 76 F.3d at 589. The ALJ's decision to discount the opinion of a one-time examining physician whose opinion directly conflicted with the opinions of Adams' treating physicians was supported by substantial evidence. See Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1160 (11th Cir. 2004) (noting that the opinion of a physician who examined claimant only once is "not entitled to great weight").

Based on the foregoing, the court adopts the Report and Recommendation of the magistrate judge and affirms the decision of the Commissioner.

It is therefore

**ORDERED** that the Commissioner's decision is affirmed.

**IT IS SO ORDERED.**

                                                    s/Henry M. Herlong, Jr.
                                                    Senior United States District Judge

Greenville, South Carolina
January 18, 2011